NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
CIT COMMUNICATIONS FINANCE       :
CORPORATION,                     :
                                 :
           Plaintiff,            :     Civil Action No. 07-2260 (JAG)
                                 :
           v.                    :     OPINION
                                 :
LINDA GARBACK,                   :
                                 :
           Defendant.            :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motion of CIT Communications Finance Corp. ("Plaintiff") for entry of default judgment against Linda Garback ("Defendant"), pursuant to FED. R. CIV. P. 55(b). For the following reasons, this motion will be granted.

**I.    FACTS**

      On May 10, 2006, in connection with a separate lawsuit filed in this Court,[1] Plaintiff entered into a Stipulation of Settlement and Mutual Release (the "Settlement Agreement") with Total Travel Management, Inc. ("Total Travel") and TTM-Travel Services, Inc. ("TTM-Travel").[2] (Affidavit of Jeremy Galton ("Galton Aff.") ¶¶ 2-3.) As part of the Settlement

---

[1] The separate lawsuit is entitled CIT Commc'n Fin. Corp. v. Total Travel Mgmt. et al., No. 06-cv-952 (D.N.J. May 25, 2006) ("CIT Communications 2006").

[2] This Court ultimately entered a Consent Judgment in CIT Communications 2006 on July 5, 2006, pursuant to which judgment was entered against Total Travel and TTM-Travel in

Agreement, Total Travel and TTM-Travel agreed to pay to Plaintiff a sum of $396,000 over forty-four consecutive months. (Id.) Defendant, who was the President of Total Travel at the time, executed a Personal and Continuing Guaranty (the "Guaranty"), in which she guaranteed to pay to Plaintiff the amount owed under the Settlement Agreement, in the event Total Travel or TTM-Travel defaulted under the Settlement Agreement. (Galton Aff. ¶¶ 4-5; Galton Aff. Ex. B.) The Guaranty provides that Defendant consents to the jurisdiction of the courts of the State of New Jersey. (Galton Aff. ¶ 8; Galton Aff. Ex. B.)

On May 14, 2007, Plaintiff instituted the present action against Defendant. The Complaint alleges that Total Travel and TTM-Travel defaulted under the terms of the Settlement Agreement (Compl. ¶ 7); that Defendant failed to pay to Plaintiff the outstanding balance, as required by the Guaranty, despite Plaintiff's demands (Compl. ¶¶ 8-9); and that such actions by the Defendant constitute a breach of the Settlement Agreement and the Guaranty (Compl. ¶ 10). Plaintiff seeks damages in the amount of the outstanding balance under the Settlement Agreement, plus interest, costs, and attorneys' fees. (Compl. ¶ 11.)

On June 29, 2007, Defendant executed a waiver of service, pursuant to FED. R. CIV. P. 4. On July 27, 2007, the Clerk of the Court filed an entry of default. Plaintiff then filed the present motion on September 25, 2007. Plaintiff seeks damages in the amount of $315,000, which represents the outstanding balance owed under the Settlement Agreement, plus an undetermined amount of attorneys' fees, costs, and expenses. (Galton Aff. ¶ 13.)

---

the amount of $668, 482.75, together with interest, attorneys' fees, and costs of suit, less any payments made.

## II. LEGAL STANDARD

Rule 55(b)(2) states:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones

v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

### III.   JURISDICTION

Before the entry of default judgment against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that it has subject matter jurisdiction over the case, pursuant to 28 U.S.C. § 1332. Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000. Plaintiff is a corporation organized under the laws of the State of Delaware and authorized to conduct business in the State of New Jersey. (Compl. ¶ 1). According to the Complaint, Defendant is a citizen of the state of Michigan. (Compl. ¶ 2). The amount in controversy is the amount owed under the Settlement Agreement, in accordance with the Guaranty, which, as alleged in the Complaint, exceeds the statutory minimum specified in 28 U.S.C. § 1332. (Compl. ¶ 3.)

To ascertain whether or not a court has personal jurisdiction, a federal court sitting in

4

diversity must conduct a two-step analysis. First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant. Second, the court must determine whether the exercise of jurisdiction violates the Due Process clause of the Fourteenth Amendment. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 150 (3d Cir. 1996).

In this forum, the inquiry is collapsed into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, as defined under the Constitution of the United States. As such, federal law defines the parameters of this Court's in personam jurisdiction. IMO Indus., Inc., 155 F.3d at 259. The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only when "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed itself of the forum state. Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

Personal jurisdiction, however, is a right that can be waived by the parties. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). A forum selection clause in a contract is one way to effectuate this waiver. Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315 (1963).

This Court has personal jurisdiction over Defendant by virtue of a forum selection clause in the Guaranty that includes a consent to personal jurisdiction. Specifically, the last paragraph of the Guaranty states, in relevant part, that Defendant "consent[s] to the jurisdiction of any court

5

located within" the state of New Jersey.  (Galton Aff. ¶ 8; Galton Aff. Ex. B at 2.)

The enforceability of a forum selection clause is determined by federal law.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989).  Thus, this Court must look to federal law in determining whether to enforce the forum selection clause in the Agreement.  The Supreme Court of the United States has held that "[forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

This rule reflects the principle that courts should enforce freely negotiated contract terms, and give effect to the legitimate expectations of the parties.  M/S Bremen, 407 U.S. at 12.  Expanding on this ruling, the Third Circuit has adopted the following three step test:

> [A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in jurisdiction so seriously inconvenient as to be unreasonable.

Coastal Steel, 709 F.2d at 202 (quoting M/S Bremen, 407 U.S. at 12-13).  A court may refuse to enforce a forum selection clause if any of the factors have been demonstrated.  Id.  The presumption to enforce a forum selection clause only applies, however, when the dispute falls within the scope of the clause.  Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 293 (3d Cir. 1994).

In the instant case, Defendant consented to personal jurisdiction in New Jersey by virtue of the forum selection clause in the last paragraph of the Guaranty.  Such clauses have been

6

upheld as a valid mechanism by which to consent to personal jurisdiction. As such this Court has personal jurisdiction over Defendant.

**IV.** **ANALYSIS**

Defendant has failed to appear, or otherwise plead, in response to Plaintiff's Complaint, filed on May 14, 2007. Defendant executed a waiver of service on June 29, 2007, but has failed to respond to the present motion, filed on September 25, 2007. This Court finds that a default judgment is appropriate, under FED. R. CIV. P. 55(b)(2). Therefore, Plaintiff's motion for entry of default judgment will be granted. However, this Court reserves judgment on the amount of monetary damages to be awarded, until a hearing before this Court is conducted.

Dated: December 10, 2007

          S/Joseph A. Greenaway, Jr.
          JOSEPH A. GREENAWAY, JR., U.S.D.J.